UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD CHADEK and BARBARA
SCHUBACH,

                    Plaintiffs,

          v.

CLARK COUNTY SHERIFF'S DEPT., *et
al.*,

                    Defendants.

Case No.  C05-5062JKA

ORDER RENOTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

The court, having reviewed the record does hereby find and ORDER:

1.  Defendants motion for summary judgment is set for consideration on the court's April 14, 2006

motion calendar.  Plaintiffs' attorney has been removed from representing them in this matter, and plaintiffs

are currently proceeding *pro se*, without assistance of counsel. Defendants' motion and supporting

pleadings did not advise the pro se plaintiff as required by the Ninth Circuit, thus, pursuant to <u>Rand</u>'s

model notice, plaintiffs shall note:

> The defendants have made a motion for summary judgment by which they seek to
> have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal
> Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary
> judgment.  Generally, summary judgment must be granted when there is no genuine issue of
> material fact -- that is, if there is no real dispute about any fact that would affect the result
> of your case, the party who asked for summary judgment is entitled to judgment as a matter
> of law, which will end your case.  When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or other sworn testimony), you cannot
> simply rely on what your complaint says.  Instead, you must set out specific facts in
> declarations, deposition, answers to interrogatories, or authenticated documents, as
> provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).  Accordingly,  **Defendants' motion for summary judgment is renoted for consideration May 12, 2006.  Plaintiffs opposition brief, if any, shall be filed not later than Monday, May 8, 2006.**

    2.  With the removal of plaintiffs' attorney from representing plaintiffs, the court is concerned about plaintiffs' need for possession of a copy of defendants' motion for summary judgment.  Plaintiffs should have received a copy of this motion from their attorney along with other copies of the pleadings in this matter.  However, if plaintiffs have not obtained a copy of the motion and supporting documents from their attorney, if they have not retained further assistance from another attorney, and if they have not otherwise obtained a copy of the motion for summary judgment, plaintiffs are directed to contact defendants' counsel, Dennis Hunter, at (360) 397-2478, to request a copy.

    3.  The Clerk is directed to strike previously set deadlines set in the court's scheduling order issued August 17, 2005.  A new trial date and a revised pretrial schedule will be issued at a later date.   The clerk is further directed to send copies of this Order to plaintiffs and to counsel for defendants.

    DATED this 13th day of April, 2006.

/s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2